| ANTOINETTE WASHINGTON | * | NO. 2021-CA-0080 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| BRIAN TAYLOR, ELKHART CORPORATE CLEANING SERVICE, INC. AND MOTORISTS MUTUAL INSURANCE COMPANY | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

CONSOLIDATED WITH:                 CONSOLIDATED WITH:

STEPHANIE MYLES AND               NO. 2021-CA-0081
TAQUILLA WHITE

VERSUS

BRIAN TAYLOR, ELKHART
CLEANING SERVICE,
MOTORIST MUTUAL
INSURANCE COMPANY, STATE
FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY


*SCJ*

**JENKINS, J., DISSENTS WITH REASONS**


I respectfully dissent from the majority opinion. In addressing appellants' first assignment of error, the majority finds that the trial court did not abuse its discretion in granting Ms. Myles' motion for new trial. I disagree. For the following reasons, I find that the trial court abused its discretion in granting and conducting a new trial, rather than vacating the amended judgment and reinstating the original judgment rendered on April 10, 2018, following the first trial.

Following the first trial, the trial court rendered its April 10, 2018 judgment in favor of defendants, Mr. Taylor, Elkhart, and MMIC, and against all plaintiffs, Ms. Washington, Ms. Myles, and Ms. White, finding that plaintiffs failed to establish Mr. Taylor's liability or that they suffered any injuries that warrant

compensation, and dismissing plaintiffs' claims against the named defendants. As stated in the majority opinion, Ms. Myles filed a motion for new trial from that April 10, 2018 judgment.[1] In that motion, Ms. Myles does not seek a new trial against the defendants named in the April 10, 2018 judgment. In fact, Ms. Myles does not contest the trial court's finding that Mr. Taylor was not liable or its judgment dismissing those defendants. Ms. Myles asserts only that the trial court's judgment failed to render judgment against State Farm Insurance Co., Ms. Washington's insurer, for her negligence and that plaintiffs are due damages and costs from State Farm.

Ms. Myles filed her motion for new trial on April 19, 2018. That same day, the trial court issued an amended judgment to add that judgment was also rendered in favor of State Farm and dismissing all claims against State Farm. But, the trial court judge presiding over the case at that time took no action on the motion for new trial filed by Ms. Myles.

The record reflects no written motion wherein Ms. Myles raises the argument that the trial court's April 19, 2018 amended judgment is an absolute nullity. The record reflects that the issue was raised orally for the first time at the hearing on Ms. Myles' motion for new trial held on February 8, 2019, before the new trial court judge.[2] After hearing arguments on the issues raised in Ms. Myles' written motion for new trial, and the issue of the trial court's authority to issue an amended judgment, the trial court reasoned that Ms. Myles had failed to establish grounds for granting a new trial under La. C.C.P. art. 1972 or 1973. Nevertheless, the trial court issued a judgment on May 31, 2019, granting a new trial, completely contrary to its reasoning at the hearing.

---

[1] The motion for new trial was filed on behalf of Ms. Myles and Ms. White, but, as Ms. White is not party to this appeal, I refer only to Ms. Myles.

[2] At the hearing on the motion for new trial, counsel for State Farm argued in favor of finding that the original [April 10, 2018] judgment stand, and, notably, stated, "[t]he circumstances surrounding the amended judgment, I believe, and I did not brief the law on this because I was not aware of this particular argument before today."

In addressing the appellants' argument that the trial court was arbitrary and capricious in granting a new trial, the majority opinion reasons that the trial court granted a new trial because the amended judgment rendered on April 19, 2018, was an absolute nullity. While I agree that the amended judgment was an absolute nullity for the reasons stated in the majority opinion, I find that the trial court abused its discretion by disregarding the valid, original judgment rendered on April 10, 2018, in favor of the defendants.

Ms. Myles did not contest the validity of the April 10, 2018, and no grounds for granting a new trial were established to retry this case on the liability of the defendants named in that original judgment. Moreover, the April 10, 2018 original judgment is a valid and final judgment as to Ms. Washington, whose own appeal following the first trial was dismissed as untimely. *Washington v. Taylor*, 19-0924, 19-0925 (La. App. 4 Cir. 6/17/20), __ So.3d __, 2020 WL 3264070. As the majority opinion points out, if Ms. Myles had filed a timely appeal of the original and amended judgments, "this Court would have been bound to vacate the amended judgment and reinstate the trial court's original judgment." The trial court should have taken the same action. But, by granting a new trial, the trial court allowed for inconsistent verdicts to be rendered. After granting and conducting a new trial, to which Ms. Washington could not be a party, the trial court concluded its second trial with a nearly opposite, wholly inconsistent judgment to the original. Thus, not only did Ms. Myles not seek a whole new trial as to all defendants nor establish any statutory grounds for a new trial, but the trial court created an unjust, inconsistent result by granting the new trial. Consequently, I find the trial court abused its discretion in granting Ms. Myles' motion for new trial. I would vacate the trial court's May 31, 2019 judgment granting a new trial, and necessarily the March 4, 2020 judgment rendered after the second trial, find the April 19, 2018 judgment an absolute nullity, and reinstate the April 10, 2018

judgment. Thereafter, the matter would be remanded to address the liability, if any, of State Farm.

I acknowledge that the outcome of the majority opinion is consistent with the original April 10, 2018 judgment. However, for the reasons stated above, I cannot agree with the findings in the majority opinion.